THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jose Pastor Mejia, | ) | Civil Action No.: 4:06-cv-01480-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Reynolds Fence and Guardrail, a | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is defendant's [24] motion to quash subpoena and for protective order filed on September 4, 2007. Plaintiff filed [26] response in opposition to the motion on September 4, 2007.

The parties indicate in their filings that counsel for the plaintiff has noticed the deposition of Dr. William B. Jones for September 6, 2007 at 2:00 p.m. and also served a subpoena *duces tecum* on Dr. Jones to produce at the deposition the following documents:

"personal and business tax reports/returns for the past five (5) years, including all W2's and 1099 forms; copies of any and all records of income from any and all liability insurance companies; and copies of any and all records which document matters in which you have been retained in any respect by any liability insurance carrier, including but not limited to Cincinnati Insurance Company, all correspondence, including but not limited to engagement letters, any medical records, summaries, notes (handwritten or otherwise), file (x-ray/MRI/CT), and payment records relating to your evaluation of Plaintiff."

Dr. Jones was identified by the defendant as an expert witness and has conducted an independent medical examination of the plaintiff. The defendant has agreed to produce all correspondence, medical records, summaries, notes and payment records relating to his evaluation of the plaintiff. However,

the defendant objects to Dr. Jones being required to produce his personal tax returns as well as records concerning work he has done in other cases as being overly broad, burdensome, irrelevant, and not reasonably calculated to lead to discovery of admissible evidence. Plaintiff indicates in his Return that he has agreed to limit the scope of the request to the last three instead of the last five years. However, he contends that the documents are discoverable under *Yoho v. Thompson*, 345 S.C. 361, 548 S.E.2d 584 (2001).

In *Yoho*, the South Carolina Supreme Court adopted the "substantial connection analysis" and held that, where the connection between an expert witness and an insurance company is sufficient, evidence of the connection is admissible to demonstrate possible bias on the part of the expert witness. *Yoho* concerned a physician who was called as an expert witness by the defendant who "maintained an employment relationship with Nationwide and other insurance companies." *Id*., 548 S.E.2d at 586. The Supreme Court held that the trial court erred in refusing to allow the plaintiff to cross-examine Dr. Brannon about his relationship with Nationwide.

This Court accordingly finds that the W2's and 1099's which Dr. Jones has received for consulting work during the last three years on behalf of any liability insurance carrier, and other records regarding income which he has received in the last three years from liability insurance companies must be produced at his deposition. This would include Cincinnati Insurance Company. However, it is not necessary for Dr. Jones to provide copies of his entire business or personal income tax returns or reports. Defendant has already agreed for Dr. Jones to produce records regarding his evaluation of the plaintiff.

This ruling is limited to the discovery phase of the case and is not to be considered as a ruling on the admissibility of such evidence at trial. All questions relating to the admissibility of the evidence

shall be addressed at the trial of the case.

The defendant's [24] motion to quash is therefore **GRANTED IN PART AND DENIED IN PART**.

**AND IT IS SO ORDERED.**

s/R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, S.C.
September 5, 2007

3